UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KATHLEEN ELLIS,

Plaintiff,

v.

NO. CIV. S-05-559 LKK/GGH

HOLLISTER, INC., et al.,

Defendants.
_______________________________/

BRENDA DIMARO; and HALLIE LAVICK,

Plaintiffs,

v.

NO. CIV. S-05-1726 LKK/GGH

HOLLISTER, INC., et al.,

Defendants.
_______________________________/

O R D E R

Defendants Hollister, Inc., Hollister Employee Share Ownership Trust ("Plan" or "Hollishare"), John Dickinson Schneider, Inc. ("JDS"), Samuel Brilliant, James A. Karlovsky, James McCormack, and Richard Zwirner bring a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of Illinois in both

Dimaro v. Hollister and Ellis v. Hollister. Plaintiffs, Kathleen Ellis, Brenda Dimaro and Hallie Lavick, oppose the motions. All parties agree that both this district and the Northern District of Illinois are proper venues for the cases.

**I.**

**BACKGROUND**

In both of these cases, plaintiffs allege violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. The allegations in both cases are similar although in Ellis there is an additional issue regarding Qualified Domestic Relations Orders (QDROs) issued by California courts which are unique to the facts in that case. For a detailed discussion of the allegations, see the accompanying order addressing the motions to dismiss that have also been filed in these cases.

**II.**

**STANDARDS**

Section 1404(a) of Title 28 provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted section 1404(a) in accordance with the doctrine of forum non conveniens, it was intended to be a revision rather than a codification of the common law. Piper Aircraft v. Reyno, 454 U.S. 235, 253 (1981); Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955). The Supreme Court has noted that section 1404(a) transfer is available "upon a lesser showing of inconvenience" than

that required for a forum non conveniens dismissal. Norwood, 349 U.S. at 32.

The district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000)(quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 30 (1988)); See also Westinghouse Elec. Corp. v. Weigel, 426 F.2d 1356, 1358 (9th Cir. 1970). The burden is upon the moving party, however, to show that transfer is appropriate. Commodity Futures Trading Commiss'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). See also Los Angeles Memorial Coliseum Comm. v. National Football League, 89 F.R.D. 497, 499 (C.D. Cal. 1981) aff'd, 726 F.2d 1381, 1399 (9th Cir. 1984).[1]

Generally, the court affords plaintiff's choice of forum great weight. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) cert. denied, 485 U.S. 993 (1988). However, when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. Id. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," plaintiff's choice "is entitled only minimal consideration." Id. Moreover, when a plaintiff brings a

---

[1] The Ninth Circuit affirmed the lower court's reasoning in denying the motion to transfer venue. "[T]he district court made a thoughtful and *thorough* analysis of the Oakland's contention in its memorandum and order denying the change of venue motion." Los Angeles Mem'l Coliseum Comm. v. Nat'l Football League,726 F.2d 1381,1399 (9th Cir. 1984)(emphasis added).

derivative suit or represents a class, the named plaintiff's choice of forum is given less weight. Id.

Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to be equally convenient or inconvenient. Van Dusen v. Barrack, 376 U.S. 612, 646 (1964). As part of this inquiry, the Ninth Circuit has held that even though section 1404(a) "partially displaces the common law doctrine of forum non conveniens," nonetheless, forum non conveniens considerations are helpful in deciding a § 1404(a) motion. Decker Coal Co. v. Commonwealth Edison, 805 F.2d 834, 843 (9th Cir. 1986). With this in mind, the district court should consider both private and public interest factors affecting the convenience of the forum. Decker, 805 F.2d at 843 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)); See also Stewart Org., 487 U.S. at 30.[2]

Private factors include:

> "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, (1947).

Public factors include:

> "the administrative difficulties flowing from court congestion; the 'local interest in having localized

[2] The Supreme Court stated that [s]ection 1404(a) directs a district court to "weigh in the balance of the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 30 (1988).

> controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty."

Piper Aircraft, 454 U.S. at 241 n.6 (quoting Gulf Oil Corp., 330 U.S. at 509).

In sum, "[t]he basic factors to be considered then, in determining whether, on balance, a transfer to a different forum would allow a case to proceed more conveniently and better serve the interests of justice, are: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice." Los Angeles Mem'l Coliseum Comm., 89 F.R.D. at 499.

## III.

## ANALYSIS

### A. MOTION TO TRANSFER VENUE IN ELLIS

The court has previously addressed a nearly identical motion brought by the same defendants in DeFazio v. Hollister Employee Share Ownership Trust, et. al., No. Civ. S-04-1358, Order filed Feb. 24, 2005. The plaintiff in DeFazio is the former husband of Kathleen Ellis who acquired a community property share of Ellis' vested benefits with the plan currently in question during divorce proceedings. In a motion to transfer venue brought by the defendants in DeFazio, the court found that plaintiff's choice of venue should be given primacy. There is nothing to distinguish the two cases here, the plaintiff in DeFazio ultimately derived his

connection with this District from his relationship with Ellis. See Id. at 7.

In addition, these cases have now been related and it is clear that there is thus even less reason to transfer this case to Illinois, as doing so may result in inconsistent decisions as the facts and law at issue are very similar. Further highlighting this point is the fact that there is also a third case (discussed below), Dimaro v. Hollister, that has also been related in this district. Case No. Civ. S-05-1726. Therefore, rather than rehashing explanations already well-known to defendants, the court refers them to the order issued in DeFazio which denied their request for a change of venue.

**B. MOTION TO TRANSFER VENUE IN DIMARO**

**1. Plaintiff's Choice of Forum**

Generally, the Ninth Circuit gives this factor great weight, however certain conditions in a case may militate against such treatment. Louf v. Belzberg, 834 F.2d at 739. A plaintiff's choice of forum is also accorded particular deference in ERISA cases. Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1302, rev'd and remanded on other grounds, Hughes Aircraft Co. v. Jacobson, 525 U.S. 432 (1999). This weight, though, may be diminished when the plaintiff "brings a derivative suit, represents a class," or the operative facts do not occur in the chosen forum. Id.

Defendants argue that because the plaintiffs' claim could have been brought by any of the other "Hollishare plan participants in their home state," the plaintiffs' choice "is entitled no

deference." Defs.' Mot. at 10. Defendants support their claim by citing Koster v. American Lumberman's Mutual Casualty Co., where the Supreme Court determined the plaintiff's choice of forum carried less weight in a derivative action. 330 U.S. 518, 524-25 (1947). In Koster, the High Court acknowledged that when there are "hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action. . ." the plaintiff's claim to home forum is weakened. Plaintiffs here are asserting their rights along with those of all other plan participants in that they seek to restore "all accounts to the their proper value" and are seeking to recoup the lost assets and any profits made by JDS for the plan as a whole. Pls.' Compl. at 6-7. Koster thus appears to be analogous. However, it is not apparent why the fact that there are persons that could potentially be affected by the outcome of this suit elsewhere means that this suit should be transferred to Illinois. Those other persons have not brought suit and thus it is the present plaintiffs' choice that seems to be relevant. Furthermore, the only other plaintiffs that have brought suit have brought suit in this very district.

It appears that plaintiffs chose this district based on the fact that their attorney practices here. Plaintiffs point out that the residence of the plaintiff is not a relevant factor in determining jurisdiction, but they cannot deny that it plays a role in determining "the convenience of parties and witnesses" as required by 28 U.S.C. § 1404(a). Unlike in Ellis and DeFazio, none of the operative facts in this case occurred in this District.

**2. Convenience of the Parties**

This case is brought by two plaintiffs, one who lives in Colorado and the other in Georgia against over ten separate defendants, most of which are located in Illinois. Defendants argue that Illinois is a more convenient forum because most of the defendants reside there, JDS and Hollister are Illinois corporations, and the Hollishare plan is administered from the Libertyville headquarters. Plaintiffs respond that their attorney is based in the district and he has considerable knowledge about the facts and circumstances of the case. They claim that the participants would lose their counsel since he is not licenced to practice in Illinois. While Mr. Hubbard may be able to obtain pro hac vice admission to practice in Illinois, a considerable burden will still remain. Transferring this action to Illinois may be burdensome and costly for plaintiffs because it will cause their attorney to have to travel (or possibly may require them to obtain new counsel if possible). "In weighing the convenience of the parties, the court may take into account the physical condition and the financial strength of each of them." Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3849, at 408; Jones, 211 F.3d at 499 (courts may look at the costs of litigation in the two forums). From all that appears, defendants have more resources available to defend the case in California than plaintiffs would in Illinois. Moreover, given that defendants are already litigating two similar cases in this District, the added burden on defending here is only incremental.

From a purely geographical view, Illinois might well be the better forum in terms of the proximity to the largest number of parties, the location of most of the potential witnesses, and the location of most of the relevant documents. The burden that this transfer would have on plaintiffs, however, is considerable. The court concludes that this factor probably is of equal weight.

**3. Convenience of the Witnesses**

The convenience of witnesses is thought to be one of the most important factors in a transfer motion. Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3851, at 415; Los Angeles Mem'l Coliseum, 89 F.R.D. at 501. In assessing this factor, "courts consider the effect of a transfer on the availability of certain witnesses, and their live testimony, at trial." Los Angeles Mem'l Coliseum 89 F.R.D. at 501. If possible, courts prefer live testimony where there are vital issues of fact hinge of credibility. Id.

Defendants claim that many witnesses will be beyond the court's subpoena power if the suit remains in this district. Defendants cite Federal Rule of Civil Procedure 45 in support of this claim. Rule 45 states in relevant part that "the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides . . . ." Fed. R. Civ. P. R. 45C(3)(A)(ii). Rule 45 does not apply, however, to party witnesses and many of the crucial witnesses named by the defendants are all parties to the

suit and would be required to appear to testify regardless of whether a subpoena is issued. Defendants do claim that there are other personnel connected to the Hollishare Trustees that may be called as witnesses (members of the Hollister human resources and financial staff as well as the Secretary to the HolliShare Trustees) and they might truly be outside the subpoena power of the court. Of course, given their employment, this does not appear to represent a real difficulty. Nonetheless, while most of the key witnesses may be within the subpoena power of the court, it is likely to be inconvenient for virtually all of the witnesses (subpoenable or not) to travel to California to testify in this case. Even though they mistake the scope of Rule 45, this factor does weigh in favor of defendants.

**4. Interest of Justice**

Defendants also argue that transferring the case to Illinois would serve the interests of justice. They assert that this transfer is necessary because the Hollishare Plan is a product of Illinois state law and so the Northern District of Illinois is better situated to resolve the state law claims. This would be a convincing argument if this were a diversity jurisdiction matter, requiring the interpretation and application of unfamiliar substantive state law. Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3854, at 467-68. Under those circumstances, the interests of justice might suggest transfer to a court sitting in the state affected by an out-of-state court's interpretation of state law. See Van Dusen, 376 U.S. at 625-26 (when there is a

difference in substantive state law, it is "necessary to consider what bearing a change of venue, if accompanied by a change in state law, would have on 'the interest of justice.'")

The interest of having a state court interpret state law is not at issue when, as here, the dispute requires interpretation of federal law, and when the suit is predicated upon the interpretation of federal statute, ERISA, which preempts any state law. Under ERISA, except as otherwise provided the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 USCS § 1003(a)] and not exempt under section 4(b) [29 USCS § 1003(b)]." 29 U.S.C. § 1144.

The fact that this case has now been related to DeFazio and Ellis weighs heavily against defendants' motion. Although plaintiffs' case will vary due to the individual circumstances of each plaintiff, the general questions raised appear to be the same and will likely involve the same level of discovery, etcetera. Although some of the claims were dismissed in DeFazio, they remain in Ellis.

**5. Ease of Access to Proof**

Once again, the fact that virtually all of the relevant documents and witnesses are located in Illinois seems to weigh in favor of transfer. While plaintiffs argue that there is no reason why documents or records located there could not be copied by "Team-Xerox," that does not obviate the need to have ready access to the originals. The burden, however, will be on plaintiffs to

retrieve the documents (or go view them in their home) and/or to pay for their copying and shipment and thus this factor does not have a lot of weight either way. This argument is again less convincing in light of the fact that defendants will be litigating two cases using similar facts and documents here in California.

**IV.**

**CONCLUSION AND ORDER**

Ultimately, the fact that Ellis and DeFazio must be tried here compels this court to deny the motion for Dimaro. Although the nucleus of Dimaro is in Illinois, it just makes more sense to have all three of these cases heard in the same district by the same judge. Judicial resources are scarce and there is no need to burden a second district with these cases. Additionally, there is no need to expose the parties to the risk of inconsistent decisions when the facts are so similar. Since the defendants will be litigating the other two cases here, the burden will not be that much greater on them.

The motions to transfer venue are DENIED.

IT IS SO ORDERED.

DATED: April 13, 2006

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT